# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-50947

————

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2018

Lyle W. Cayce
Clerk

GEORGE L. CARTER,

Plaintiff−Appellant,

versus

BRAD LIVINGSTON, Executive Director,
 Texas Department of Criminal Justice;
WILLIAM STEPHENS, Director,
Texas Department of Criminal Justice, Correctional Institutions Division;
JOE GRIMES, Director of Prison and Jail Operations for Region IV;
BRUCE TONEY,
 Inspector General for Texas Department of Criminal Justice;
KELLI WARD, Offender Grievance Coordinator;
MIGUEL MARTINEZ, Warden of Dolph Briscoe;
JORGE ALVAREZ, Assistant Warden of Dolph Briscoe;
JAMES THOMPSON, III, Major of Dolph Briscoe;
JUAN LOPEZ, Correction Officer of Texas Department of Criminal Justice;
JOE WELLS, Correction Officer of Texas Department of Criminal Justice;
RENE RODRIGUEZ,
 Correctional Officer of Texas Department of Criminal Justice;
SILVERIO SANCHEZ,
 Correctional Officer of Texas Department of Criminal Justice;
SANDRA GARCIA, Counselor Substitute to Dolph Briscoe;
TERRI Y. DRIVER, Unit Grievance Investigator (UGI);
YVETTE MARGUEZ, Program Supervisor at Dolph Briscoe;
WILLIAM DUBOSE, JR., Laundry Manager at Dolph Briscoe,

Defendants−Appellees.

No. 17-50947

---

Appeal from the United States District Court
for the Western District of Texas
No. 5:16-CV-1050

---

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

George Carter, Texas prisoner #1561528, appeals the dismissal of his 42 U.S.C. § 1983 action against the defendants.  He moves for leave to proceed *in forma pauperis* ("IFP").  By moving to proceed IFP in this court, Carter challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Thus, his request "must be directed solely to the trial court's reasons for the certification decision." *Id.*  An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus non-frivolous.  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Although *pro se* briefs are afforded liberal construction, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), arguments must be briefed to be preserved, *Yohey v. Collins*, 985 F.2d 222, 224−25 (5th Cir. 1993).  Carter fails to brief any response to the district court's conclusions that he was allowed to pursue his administrative remedies with respect to his lost property and that his remaining claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 486−87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646−48 (1997), or by *Parratt v. Taylor*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50947

451 U.S. 527 (1981), and *Hudson v. Palmer*, 468 U.S. 517 (1983).

Because Carter fails to raise any legal issues arguable on their merits, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763−64 (2015). Carter is WARNED that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).